IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORDON MOUNT | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 20-5056 |
| JOSEPH L. GRISAFI, M.D., ET AL. | : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                 **AUGUST 31, 2021**

In this breach-of-contract action, Plaintiff Jordan Mount, a nurse practitioner, seeks wages that he alleges he never received from Defendants, Joseph Grisafi, M.D. and Artery & Vein Institute, LLC, his former employers. Defendants assert a counterclaim for breach of contract, alleging damages as a result of Plaintiff's Medicare and Medicaid billing practices. Presently before the Court is Plaintiff's Motion for Partial Summary Judgment on Defendants' counterclaim. (ECF No. 13.) For the following reasons, the Motion will be denied.

**I.     BACKGROUND[1]**

Plaintiff Jordon Mount worked as a registered nurse practitioner for Defendant Joseph Grisafi, M.D. and Dr. Grisafi's medical practice, A&V Institute from May 22, 2019 until his termination on December 5, 2019. When he was hired, Plaintiff signed an Employment Agreement. Pursuant to the Employment Agreement, Plaintiff's compensation was based on how much money he brought into the practice from billing for patient services. The Employment Agreement states:

> 5. Compensation. During your employment, for each 12-month period starting with the Employment Date . . . the Practice will pay you an amount equal to the

---

[1] We view the facts and reasonable inferences therefrom in the light most favorable to Defendants as the non-moving parties. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

> sum of: (a) fifty percent (50%) the first two hundred thousand dollars ($200,000.00) of net collections of the Practice . . . which are attributable to your direct patient services; plus (b) one hundred percent (100%) net collections of the Practice in excess of two hundred thousand dollars ($200,000) . . . which are attributable to your direct patient services . . . . For purposes of this Section 6 [sic], "net collections" refers to collections for services less any refunds associated with such services.

(Employment Agreement ¶ 5, Compl. Ex. A.)

By letter dated December 5, 2019, Defendants terminated Plaintiff's employment, "with cause." (Compl. Ex. B.) Defendants explained that Plaintiff was terminated due to his persistent failure to provide sufficient documentation, including patients notes, to support his patient billing. (*Id*.; Kirkwood Aff. ¶¶ 3-6, Pls.' Resp. Ex. 10.) After his termination, Plaintiff brought this lawsuit against Defendants, alleging that he was not paid what he earned under the Employment Agreement. Specifically, he alleges that he was only paid $12,004.45 during his employment, but that he is actually owed in excess of $350,000.00. On October 13, 2020, Plaintiff filed a Complaint against Defendant, asserting claims for breach of contract and unjust enrichment.

On November 18, 2020, Defendants filed an Answer and Counterclaim. In its Answer, Defendants allege that under the Employment Agreement, Plaintiff would be owed at most $20,000; however, because Plaintiff engaged in billing practices (e.g., Plaintiff's repeated failure to properly document services for billings he submitted), he is owed nothing. (Answer ¶¶ 23, 26, 42.) Defendants engaged in a lengthy audit of Plaintiff's billing to determine exactly how much of it lacked sufficient documentation and how much Defendants would need to reimburse the Centers for Medicare and Medicaid Services ("CMS") as a result of Plaintiff's deficiencies. (*See* Kirkwood Aff. ¶¶ 7-24.) Defendants also assert a counterclaim for breach of contract against

Plaintiff seeking damages that resulted from reimbursing CMS for amounts improperly billed by Plaintiff. The counterclaim specifically alleges:

> If A&V Institute's pending audit of Plaintiff's billings establish that A&V Institute is obligated to reimburse CMS amounts in excess of approximately $20,000.00 that might otherwise be due and owing from A&V Institute to Plaintiff, which is likely to be the case, then Plaintiff will be liable to A&V Institute for breach of contract in an amount as necessary to reimburse and indemnify A&V Institute for its loss.

(Answer ¶ 47, ECF No. 5.)

Plaintiff seeks summary judgment on the counterclaim, contending that Defendants have failed to present evidence of damages.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A dispute is "genuine" if there is a sufficient evidentiary basis on which a reasonable jury could return a verdict for the non-moving party. *Kaucher v. Cty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (citing *Anderson*, 477 U.S. at 248). The court must view the evidence in the light most favorable to the non-moving party. *Galena v. Leone*, 638 F.3d 186, 196 (3d Cir. 2011). However, "unsupported assertions, conclusory allegations, or mere suspicions" are insufficient to overcome a motion for summary judgment. *Schaar v. Lehigh Valley Health Servs., Inc.*, 732 F. Supp. 2d 490, 493 (E.D. Pa. 2010) (citing *Williams v. Borough of W. Chester*, 891 F.2d 458, 460 (3d Cir. 1989)).

Where the nonmoving party bears the burden of proof at trial, the moving party may identify an absence of a genuine issue of material fact by showing the court that there is no evidence in the record supporting the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *UPMC Health Sys. v. Metro. Life Ins. Co.*, 391 F.3d 497, 502 (3d Cir. 2004). If

the moving party carries this initial burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial.  *See* Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record. . . ."); *see also Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  *Matsushita*, 475 U.S. at 587 (citation omitted).

### III. DISCUSSION

Plaintiff argues that he is entitled to judgment on the breach of contract counterclaim because Defendants have failed to point to any evidence supporting an essential element of the claim—damages.

To prove a breach of contract counterclaim, Defendants must demonstrate "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract[,] and (3) resultant damages."  *Ware v. Rodale Press, Inc*., 322 F.3d 218, 225 (3d Cir. 2003) (quoting *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999) (internal quotation marks omitted, alteration in original)).  To prove damages, Defendants must produce "evidence from which damages may be calculated to a 'reasonable certainty.'" *Id*. at 225-26 (quoting *ATACS Corp. v. Trans World Commc'n, Inc*., 155 F.3d 659, 668 (3d Cir. 1998)).  "At a minimum, reasonable certainty embraces a rough calculation that is not 'too speculative, vague or contingent' upon some unknown factor." *Id*. at 226 (quoting *ATACS Corp*., 155 F.3d at 669).

Plaintiff contends that Defendants have failed to produce sufficient evidence to prove that they suffered monetary damages to a reasonable certainty.  Contrary to Plaintiff's argument

Defendants' evidence sufficiently proves damages to a reasonable certainty. Defendants submitted the Affidavit of Katheryn Kirkwood, who serves as the practice Manager for the A&V Institute. (Kirkwood Aff ¶ 2.)[2] Kirkwood conducted the internal audit of Plaintiff's billings. (Kirkwood Aff ¶ 7.) The audit took place from November 2020 through July 2021, and took over 640 hours to complete. (*Id*.) Not all of Plaintiff's billing records were available to Ms. Kirkwood because Plaintiff failed to provide copies to the practice. (*Id.* ¶ 9.) Based on her review of the records, Kirkwood determined that A&V Institute received $97,494.58 for all of Plaintiff's services during his five months of employment.[3] (*Id.* ¶ 20.) Of this amount, A&V Institute must reimburse at least $35,336.79. (*Id.* ¶ 23.) As of July 16, 2019, Defendants had begun the reimbursement process. (*Id.* ¶ 24.) The spreadsheet identifying amounts attributable to Plaintiff and Kirkwood's reimbursement analysis are also provided. (See Kirkwood Aff. Ex. E; Defs.' Resp. Ex. 11.)

We are satisfied that the Defendants have submitted non-speculative and non-vague damages evidence in support of their counterclaim. To the extent the amount of damages changes, this does not defeat the counterclaim at summary judgment. *See Delahanty v. First Pennsylvania Bank, N.A.*, 464 A.2d 1243, 1257 (Pa. Super. Ct. 1983) ("[M]ere uncertainty as to

---

[2] Kirkwood testified that she reminded Plaintiff on a routine basis that he needed to provide patient consultation notes to support the patient billings that he submitted. Plaintiff would always provide excuses as to why he did not submit proper documentation, but never did. (Kirkwood Aff. ¶¶ 3-4.) Plaintiff received a poor performance review for these repeated documentation deficiencies. (*Id.* ¶ 5.) Despite repeated requests and a negative performance review, Plaintiff never provided the patient consultation notes required for patient billing. (*Id.* ¶ 6.)

[3] Kirkwood alleged that numerous of Plaintiff's billing records were fraudulent, as opposed to being simply inadequate. (Kirkwood Aff. ¶¶ 14-21.) For example, she determined that Plaintiff billed for patient consultations that Plaintiff did not in fact conduct. (*Id.* ¶ 16.)

the amount of damages will not bar recovery where it is clear that the damages were the certain result of the defendant's conduct.").

Plaintiff also argues that the there is no evidence that Defendants have actually completed the internal audit or submitted any reimbursement to CMS. Plaintiff's argument is belied by Defendant's evidence. Kirkwood testified that the audit is complete, and that reimbursement has begun and is ongoing. Plaintiff's arguments are meritless.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment will be denied.

An appropriate Order follows.

BY THE COURT:

*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**